IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL WAYNE BURTON,        )
                             )
            Petitioner,      )
                             )
       v.                    )    1:14CV370
                             )
GEORGE T. SOLOMON,           )
                             )
            Respondent.      )

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 2.) On September 28, 2011, in the Superior Court of Durham County, a jury found Petitioner guilty of first degree arson in case 11 CRS 050743, and the trial court sentenced Petitioner to 67 to 90 months imprisonment. (See id., ¶¶ 1-6.)[1] Petitioner appealed. (Id., ¶ 9.) On December 4, 2012, the North Carolina Court of Appeals affirmed. See State v. Burton, __ N.C. App. __, 735 S.E.2d 400 (2012). On January 7, 2014, Petitioner sought certiorari review with the North Carolina Supreme Court. (See Docket Entry 2, ¶ 9(g); Docket Entry 6-6.)[2] The North Carolina

---

[1] Neither Petitioner nor Respondent has provided a copy of Petitioner's Judgment and Commitment forms.

[2] Petitioner dated the certiorari petition on December 23, 2013, but the Supreme Court did not file it until January 7, 2014. (Compare Docket Entry 6-6 at 13, with Docket Entry 6-7 at 2.) As either date leads to a recommendation of dismissal, the undersigned need not address the issue of which date controls.

Supreme Court denied the certiorari petition on January 23, 2014. (See Docket Entry 6-7.)

Finally, Petitioner signed the instant Petition, under penalty of perjury, and dated it for mailing on April 28, 2014 (Docket Entry 2 at 10), and the Court stamped and filed the Petition on May 1, 2014 (id. at 1).[3] Respondent filed a Motion for Summary Judgment (Docket Entry 5), and Petitioner responded (Docket Entry 8). In addition, Petitioner filed a Motion to Withdraw Habeas Corpus Proceeding Without Prejudice to Allow [Petitioner] to Exhaust his State Remedies (Docket Entry 9), which Respondent opposed (Docket Entry 10). For the reasons that follow, the Court should grant Respondent's instant Motion because Petitioner submitted his Petition outside of the one-year limitations period,[4] and the Court should deny Petitioner's instant Motion for futility.

### **Petitioner's Claims**

The Petition raises three grounds for relief: (1) "The trial court erred when it denied the Defense's Motion for Dismissal at the close of evidence" (Docket Entry 2 at 3); (2) "The [trial] court erred in not granting the Defense's Motion for a Continuance

---

[3] Under Rule 3(d) of the Rules Governing Section 2254 Cases in United States District Courts, the Court deems the instant Petition filed on April 28, 2014, the date Petitioner signed the Petition (under penalty of perjury) as submitted to prison authorities. (See Docket Entry 2 at 10.)

[4] Because the Petition qualifies as untimely, the undersigned need not address Respondent's alternative arguments.

to present evidence of an alibi defense" (id. at 4); and (3) "Defense counsel was ineffective because [he] failed to motion for a mistrial when a witness gave inadmissible evidence" (id. at 5).[5]

### Respondent's Motion for Summary Judgment

Respondent moves for summary judgment on the merits of the Petition (Docket Entry 6 at 3-12) and for untimeliness (id. at 12-20). In order to assess Respondent's statute of limitations argument, the undersigned must first determine when Petitioner's one-year period to file his Petition commenced. The United States Court of Appeals for the Fourth Circuit has explained:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period begins to run from the latest of several potential starting dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[5] Petitioner generally has used only capital letters in his written filings. (See, e.g., Docket Entry 2.) For ease of reading, this Memorandum Opinion employs standard capitalization conventions when quoting such filings.

>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008). The Court must determine timeliness on claim-by-claim basis. See Pace v. DiGuglielmo, 544 U.S. 408, 416 n.6 (2005).

Neither Petitioner nor Respondent contends that subparagraphs (B), (C), or (D) apply in this situation. (See Docket Entries 2, 4, 5, 6, 8, 9, 10.) However, Petitioner argues that the statute of limitations should not prohibit the Court from addressing the merits of his case. (See Docket Entry 8.) Thus, the undersigned must decide when, under subparagraph (A), the statute of limitations commenced.

Under subparagraph (A), Petitioner's conviction became final, for purposes of the statute of limitations, on January 8, 2013 - the final day on which he could have appealed or petitioned for discretionary review of the North Carolina Court of Appeal's decision. See N.C.R. App. P. 14(a) (requiring a notice of appeal within fifteen days after the Court of Appeals issues its mandate), 15(b) (requiring a petition be filed within fifteen days after the Court of Appeals issues its mandate), 32(b) (stating that a mandate shall issue twenty days after the opinion has been filed unless the court orders otherwise); see also Gonzalez v. Thaler, __ U.S. __, __, 132 S. Ct. 641, 653-54 (2012) (holding that a petitioner's case becomes final when the time for pursuing direct review expires);

4

Saquilar v. Harkleroad, 348 F. Supp. 2d 595 (M.D.N.C. 2004) (holding that a petitioner's case became final thirty-five days after the Court of Appeals issued its opinion and petitioner did not petition for discretionary review), appeal dismissed, 145 F. App'x 444 (4th Cir. 2005).

The statute of limitations then ran, unimpeded, from January 8, 2013, until its expiration on January 8, 2014, and Petitioner did not file his instant Petition until April 28, 2014 (Docket Entry 2 at 10). Although, shortly before the end of the one-year period, Petitioner petitioned for certiorari review with the North Carolina Supreme Court, that petition did not toll the statute of limitations. See Saquilar, 348 F. Supp. 2d at 601. Therefore, Petitioner filed his Petition untimely.

Despite the instant Petition's untimeliness, Petitioner requests the Court to address his claims on the merits. (See Docket Entry 8.) Although the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one-year statute of limitations for habeas claims, see 28 U.S.C. § 2244(d)(1), a court can equitably toll that limitations period, see Holland v. Florida, 560 U.S. 631, 634 (2010). Equitable tolling requires that Petitioner demonstrate that (1) he has diligently pursued his rights, and (2) extraordinary circumstances prevented a timely filing. Id. at 649. Equitable tolling involves a case by case analysis. Id. at 649-50.

Here, Petitioner argues the delay and the eventual denial of assistance by North Carolina Prisoner Legal Services, lack of access to a law library, and his actual innocence ought to toll the statute of limitations. (See Docket Entry 8 at 1-2, 7.) Petitioner's arguments lack merit. As to Petitioner's claims regarding North Carolina Prisoner Legal Services and the lack of access to a law library, first, he provides nothing to support these accusations, and unsupported, conclusory allegation will not invoke equitable tolling, see San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011) ("Mere conclusory allegations are insufficient to raise the issue of equitable tolling."). Second, delays by North Carolina Prisoner Legal Services do not constitute sufficient grounds for equitable tolling, see Rhew v. Beck, 349 F. Supp. 2d 975, 978 (M.D.N.C. 2004) (Osteen, Sr., J, adopting recommendation of Eliason, M.J.) (refusing to toll when prisoner cited delays by North Carolina Prisoner Legal Services), appeal dismissed, 158 F. App'x 410 (4th Cir. 2005) (unpublished), and the State does not have an obligation to provide a law library so long as a prisoner has access to North Carolina Prisoner Legal Services, see Johnson v. Beck, No. 1:08CV336, 2008 WL 3413303, at *4 (M.D.N.C. Aug. 8, 2008) (refusing to toll when prisoner did not have access to a library, but did have access to North Carolina Prisoner Legal Services), recommendation adopted, slip op. (Docket Entry 17) (M.D.N.C. Feb. 12, 2009). Third, even assuming these

claims constituted grounds for relief, Petitioner has not alleged any facts to demonstrate the necessary diligence in pursuing his rights to justify equitable tolling. Therefore, the Court should not toll the one-year limitations period.

Petitioner also contends that his actual innocence ought to prevent application of the statute of limitations. (Docket Entry 8 at 7.) The United States Supreme Court has recognized that a showing of actual innocence may excuse noncompliance with the one-year limitations period. McQuiggin v. Perkins, ___ U.S. ___, ___, 133 S. Ct. 1924, 1928 (2013). However, the Court also ruled that showings of actual innocence "are rare," and that a petitioner must demonstrate that no reasonable juror could vote to find the petitioner guilty beyond a reasonable doubt. Id. In this case, Petitioner has come forward with only his conclusory claims of innocence. (Docket Entry 8 at 7 ("Petitioner[] has shown actual innocent [sic] of arson charge . . . .").) Thus, Petitioner has not shown that "'it is more likely than not that no reasonable juror would have convicted [Petitioner]'" McQuiggin, 133 S. Ct. at 1933 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). See, e.g., Weeks v. Bowersox, 119 F.3d 1342, 1352-53 (8th Cir. 1997) (en banc) ("[A] bare, conclusory assertion that [a petitioner] is actually innocent is not sufficient to invoke the [Schlup] exception. Were protestation of innocence the only prerequisite to application of this exception, we fear that actual innocence would

become a gateway forever open to habeas petitioners' defaulted [or untimely] claims." (internal quotation marks omitted)); Wilson v. Perry, No. 1:14-CV-576, 2014 WL 4685405, at *2 (M.D.N.C. Sept. 19, 2014) (unpublished) (Eagles, J.) ("[The petitioner's] conclusory claims now of actual innocence are insufficient to be credible, even at this preliminary stage."), appeal dismissed, 588 F. App'x 216 (4th Cir. 2014).

In sum, Petitioner filed his Petition untimely, and the Court should not equitably toll the statute of limitations.

## **Petitioner's Motion to Withdraw**

After Petitioner filed his Response to Respondent's instant Motion, Petitioner moved to withdraw his Petition. (See Docket Entry 9.) Respondent opposes that request. (See Docket Entry 10.) The Court should deny Petitioner's instant Motion.

In general, the Rules Governing Section 2254 Cases apply to cases brought under Section 2254. See Rule 1(a), Rules Governing Sect. 2254 Cases. However, "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or [the Rules Governing Section 2254 Cases], may be applied to a proceeding under [the Rules Governing Section 2254 Cases]." Rule 12, Rules Governing Sect. 2254 Cases. Under the Federal Rules of Civil Procedure, where (as here (see Docket Entry 4)) an answer has been filed, "an action may be dismissed at the plaintiff's request only by court order, on terms that the

8

court considers proper." Fed. R. Civ. P. 41(a)(2). Numerous courts have treated said Rule as applicable to actions under Section 2254. See, e.g., Hicks v. Glebe, No. C08-5672FDB, 2009 WL 2392150, at *2 (W.D. Wash. July 31, 2009) (unpublished); Baca v. Rider, No. CV-08-8030-PHX-GMS(MEA), 2008 WL 4905494, at *2 (D. Ariz. Nov. 13, 2008) (unpublished).

In this case, Petitioner sought dismissal without prejudice only after Respondent sought summary judgment, inter alia, on statute of limitations grounds. "The Fourth Circuit has specifically held that a motion to voluntarily dismiss under Rule 41(a)(2) should be denied when a plaintiff seeks to circumvent an expected adverse result, and that 'denial of voluntary dismissal is appropriate where summary judgment is imminent.'" Nesari v. Taylor, 806 F. Supp. 2d 848, 861 (E.D. Va. 2011) (quoting Skinner v. First Am. Bank of Va., No. 93-2493, 64 F.3d 659 (table), 1995 WL 507264, at *2 (4th Cir. Aug. 28, 1995) (unpublished)). In light of this authority, the Court should not allow Petitioner to avoid final adjudication of Respondent's summary judgment motion. See Baca, 2008 WL 4905494, at *2 (declining to permit voluntary dismissal where "[the] [p]etitioner ha[d] filed his motion to withdraw [the petition under Section 2254] only . . . after [the] respondents expended significant time and effort in preparing their answer and response").

Additionally, even if the Court granted Petitioner's instant Motion and allowed him to return to state court to exhaust his state-law remedies, it would not change the untimeliness of this Petition. Accordingly, any subsequently-filed petition would fail as untimely. The Court, therefore, should deny Petitioner's instant Motion. See Threet v. Howes, No. 1:11-cv-159, 2011 WL 5088717, at *5 (W.D. Mich. Oct. 25, 2011) (unpublished) ("[T]o the extent [the] [p]etitioner requests a voluntary dismissal of his case to exhaust his state-court remedies . . ., [his request] is also futile. As previously stated, his [habeas] claim is barred by the statute of limitations so there is no need for [the] [p]etitioner to return to state court to exhaust his state-court remedies.").

Finally, granting Petitioner's instant Motion would likely result in the imposition of a procedural bar. See Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). North Carolina General Statute Section 15A-1419 prohibits a court from considering claims that could have been presented on appeal or in a prior motion for appropriate relief - absent good cause or a resulting fundamental miscarriage of justice. Here, Petitioner could have raised these claims on direct review to the North Carolina Supreme Court, but he did not file a petition for discretionary review. Therefore, the state court would likely deem a subsequently filed motion for appropriate relief procedurally barred. Moreover, Petitioner has

not shown good cause or that a fundamental miscarriage of justice would result from procedurally barring his claims.

Simply put, Petitioner has presented an improper and pointless request to withdraw his Petition.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to Withdraw Habeas Corpus Proceeding without Prejudice (Docket Entry 9) be denied, that Respondent's Motion for Summary Judgment (Docket Entry 5) be granted, that the Petition (Docket Entry 2) be denied, and that Judgment be entered dismissing this action, without issuance of a certificate of appealability.

                                              /s/ L. Patrick Auld
                                                  **L. Patrick Auld**
                                    **United States Magistrate Judge**

February 10, 2015